IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JOHN DILLARD, et al., | ) |
| PLAINTIFFS, | ) |
| VS. | ) NO. 87-T-1203-N |
| ESCAMBIA COUNTY BOARD OF EDUCATION, | ) |
| DEFENDANT. | ) |

## MOTION FOR FINAL DISMISSAL OF ACTION

Defendant, Escambia County Board of Education, (hereinafter referred to as "Board of Education") moves this Court for an Order of Final Dismissal and for grounds, states as follows:

1. The last pleading filed in this action, to the best knowledge and belief of this counsel, was the consent decree entered on May 6, 1992.

2. Since the entry of the consent decree, the Board of Education has complied with all provisions therein.

3. Pursuant to §16-18-1 of the Code of Alabama 1975, the Board of Education has redistricted post 2000 census. On December 12, 2001 the Board of Education sent its original letter of submission to the United States Department of Justice, Civil Rights Division and the Civil Rights Division responded on February 15, 2002, requesting additional information before they could issue a pre-clearance letter. On March 22, 2002, the Board resubmitted additional information to the Civil Rights Division in response to the February 15, 2002 letter. On April 26, 2002, the Board of Education sent to the Civil Rights Division a modified proposal to its initial submission, pursuant to the suggestions of the Civil Rights Division. On May 8, 2002, the Board of Education filed notice with the Civil Rights Division withdrawing its original

application and modified proposal and informed the Civil Rights Division that they would amend their plan after the Board of Education adopted a new plan at its meeting on May 30, 2002. On May 31, 2002, the Board of Education submitted its amended submission to the Civil Rights Division in accordance with their suggestions after the Board of Education's original submission in December 2001.

4. As best as can be determined, the Attorney General did not interpose an objection within sixty (60) days from the Board of Education's submission of the plan on May 31, 2002, and thus the plan has been approved and is enforceable. (*See* 42 U.S.C.A. §1973c.)

5. Plaintiffs' attorney, James U. Blacksher, has confirmed to Defendant's counsel that Plaintiff has no objection to the final dismissal of this action as it applies to Defendant, Escambia County Board of Education.

WHEREFORE, Defendant, Escambia County Board of Education, requests that this Court enter an Order finally dismissing this action.

>THOMPSON, GARRETT & HINES, LLP
>Attorneys for Defendant
>
>BY: /s/ Amanda C. Hines
>BROOX G. GARRETT, JR.-ASB-8333-E55B
>AMANDA C. HINES – ASB-0376-A62H
>P. O. BOX 387
>BREWTON, AL 36427-0387

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been furnished to James U. Blacksher, Esq., Title Building, Suite 710, 300 North Richard Arrington Blvd., Birmingham, Alabama 35203-3352, and to the Attorney General of the State of Alabama, 11 South Union Street, Montgomery, Alabama 36130-0152, by United States Mail on this the 31st day of October, 2005.

_____
ATTORNEY FOR DEFENDANT